Sandra J. ROBERTSON et al., Plaintiffs,

v.

Robert F. OTT et al., Defendants.

Virginia HATCHER et al., Plaintiffs,

v.

Robert F. OTT et al., Defendants.

Civ. A. Nos. 68–211, 68–212.

United States District Court
D. Massachusetts.

May 21, 1968.

---

Civ.A. 68–211.

Paul G. Garrity, A. Van C. Lanckton, Paul Newman, Cambridge, Mass., Henry A. Freedman, Brian Glick, New York City, for plaintiffs.

Civ.A. 68–212:

Stephen A. Shatz, Steven J. Schwartz, Longmeadow, Mass., Frank M. Doyle, Springfield, Mass., for plaintiffs.

Shirley D. Bayle, Asst. Atty. Gen., Boston, Mass., James C. Dwyer, Boston, Mass., David L. Sokol, Asst. City Sol., Springfield, Mass., for defendants.

Before ALDRICH, Circuit Judge, and JULIAN and GARRITY, District Judges.

## OPINION OF THE COURT

GARRITY, District Judge.

The plaintiffs, mothers of dependent children and the children themselves, seek a declaratory judgment that the provision of chapter 118, section 2, Massachusetts General Laws, which requires a one-year residence in the Commonwealth before an applicant is eligible to receive Aid to Families with Dependent Children ("AFDC"),[1] denies equal protection of the laws as guaranteed by the Fourteenth Amendment;[2] in addition, they pray for

---

1. Mass.G.L. c. 118 § 2 provides in relevant part:

"In every town the board of public welfare * * * shall aid every parent in properly bringing up, in his or her own home, each dependent child but no aid shall be granted under this chapter for or on account of any child unless (1) such child has resided in the commonwealth one year immediately preceding the application for such aid, or (2) such child was born within one year immediately preceding such application, if its parent has resided in the commonwealth for one year immediately preceding the application or birth."

2. Plaintiffs also contend that the residence requirement penalizes them for exercising their constitutional right to travel. In view of the court's decision, it is unnecessary to consider the effect of the residence requirement upon the exercise of plaintiffs' right to travel except to the extent that such a consideration is necessary to a complete discussion of plaintiffs' claim that they are being denied equal protection of the laws. See p. 738 infra.

an order enjoining defendants from enforcing this provision. The one-year residence requirement in the Massachusetts statute is to be eliminated and replaced by a simple residence requirement in an amendment to § 2 to become effective July 1, 1968.[3] Plaintiffs presently reside in the Commonwealth and are receiving general relief in accordance with the Massachusetts Public Welfare laws.[4] However, they have been denied AFDC benefits on the ground that they have not satisfied the residence requirements of § 2. They bring these actions on their own behalf and as class actions on behalf of all others similarly situated. Pursuant to 28 U.S.C. § 2281 a three-judge court was convened.

The welfare laws of a great majority of the states provide for a one-year residence as a prerequisite to eligibility under all, or a part, of their welfare programs.[5] Within the last year, the requirement has been attacked before numerous federal courts throughout the country. Without listing all the cases, suffice it to say that with but one exception[6] the courts have held that the one-year residence requirement is unconstitutional. Several of these decisions have been appealed to the Supreme Court

and, arguments having been heard, are awaiting decision.[7]

The court is not unmindful of the presumption of constitutionality which attaches to every state statute. The judgment of a state legislature in enacting a particular classification is given the benefit of every cogitable theory that might serve to bring that classification into accord with the requirements of the Equal Protection Clause.[8] Because of the wide discretion allowed to a state legislature the burden upon plaintiffs to show a constitutional violation is quite heavy and, conversely, defendants need show only some reasonable basis for the classification. Nevertheless, we hold that plaintiffs have carried their burden.

The Supreme Court has recently reiterated the incontestable proposition that a state may not make distinctions that are arbitrary or invidious. Avery v. Midland County, Tex., 1968, 390 U.S. 474, 88 S.Ct. 1114, 20 L.Ed.2d 45. In order for a statutory classification to satisfy the requirements of the Equal Protection Clause, it must be related to some proper governmental purpose. Truax v. Raich, 1915, 239 U.S. 33, 42; Schneider v. Rusk, 1964, 377 U.S. 163, 84 S.Ct. 1187, 12 L.Ed.2d 218.[9]

3. As amended, § 2 will provide in relevant part:
"The department shall aid a parent in properly bringing up, in his or her own home, each dependent child but no aid shall be granted under this chapter for or on account of any child unless such child resides in the commonwealth." Acts 1967, c. 658 § 28.

4. In Massachusetts the receipt of general relief, provided by the community and financed in part by the Commonwealth, is not conditioned upon a one-year residence and is available immediately upon arrival in the Commonwealth. Mass.G.L. c. 117 § 1 et seq.

5. According to the court in Waggoner v. Rosenn, M.D.Pa., 1968, 286 F.Supp. 275, thirty-nine states condition eligibility for AFDC benefits upon a one-year residence.

6. Waggoner v. Rosenn, supra, note 5.

7. Thompson v. Shapiro, D.Conn., 1967, 270 F.Supp. 331, probable jurisdiction

noted 389 U.S. 1032 (January 15, 1968), No. 813; Harrell v. Tobriner, D.D.C., 1967, 279 F.Supp. 22, probable jurisdiction noted 390 U.S. 940, 88 S.Ct. 1053, 19 L.Ed.2d 1129 (March 4, 1968); Smith v. Reynolds, E.D.Pa., 1967, 277 F.Supp. 65, probable jurisdiction noted 390 U.S. 940, 88 S.Ct. 1054, 19 L.Ed.2d 1129 (March 4, 1968).

8. Judge Kalodner collects the authority for these propositions in the majority opinion in Waggoner v. Rosenn, supra, note 5 at 286 F.Supp. 277, and in his dissenting opinion in Smith v. Reynolds, supra, note 7 at 277 F.Supp. 70.

9. Defendants submit in their brief that "no individual has a constitutionally protected right to AFDC or any other kind of welfare payments." Although the court may agree, it does not follow that a state may arbitrarily discriminate in making gratuitous welfare payments. Cf. Sherbert v. Verner, 1963, 374 U.S. 398, 404, 83 S.Ct. 1790, 10 L.Ed.2d 965.

■■ Furthermore, a provision may be arbitrary because it is contrary to the purpose of the statute. See Allied Stores of Ohio, Inc. v. Bowers, 1959, 358 U.S. 522, 527–528, 79 S.Ct. 437, 3 L.Ed. 2d 480; McLaughlin v. State of Florida, 1964, 379 U.S. 184, 191, 85 S.Ct. 283, 13 L.Ed.2d 222. To an extent this poses a dilemma as to how it is to be found that the provision is not part of the purpose. This is not insolvable. In the case at bar the paramount purpose is obviously relief; the paramount recipients, residents.[10] Where a provision establishes an exception from so broad an objective, we believe that there is a burden on the Commonwealth to show at least that there can be a legitimate reason for it.

So viewed, we are led to the conclusion that the one-year residence requirement does not carry out any proper governmental purpose. The Director of Public Assistance of the Massachusetts Department of Public Welfare, called as a witness by the Commonwealth, was asked whether he knew of any reason for the inclusion of the one-year residence requirement by the legislature; he responded that he knew of none and could think of none. Moreover, there is no germane legislative history. Therefore, the court has been obliged to speculate, with the help of counsel, as to what the purpose of the one-year residence requirement might be. One suggestion has been that the residence requirement is necessary for budgetary prediction by the state legislature. But we are not impressed with the necessity of adopting this particular method of budgetary prediction, or even with its efficacy.

■ Another purpose suggested by counsel is that the one-year residence requirement is necessary to guarantee that the recipients of AFDC benefits have an "investment in the community." Preliminarily, we must say that we are uncertain what this phrase means. It cannot mean that recipients must have a legal settlement in the Commonwealth, for such a purpose is specifically negated by the statute itself.[11] If it means that the one-year residence requirement was inserted to insure that AFDC payments would be paid only to those who intended to remain in the Commonwealth, or were likely to do so, or came into the Commonwealth for reasons other than the receipt of AFDC payments,[12] then the one-year residence restriction is unnecessarily broad in that it denies AFDC relief not only to those within the purpose of the restriction but also to others. For example, a person who has given clear indications of intending to remain in the Commonwealth may nevertheless not have resided there for one year. Whatever its purpose, the one-year residence requirement discourages the exercise of the right to travel and reside in the Commonwealth by all those who would be entitled to receive AFDC benefits but for their failure to satisfy that requirement. Those so discouraged include not only persons who were intended to be denied AFDC under the suggested purpose of the statute but also others not within that purpose. The right to travel may not be limited except by a statute

---

10. See note 11 infra; 42 U.S.C. § 601.

11. Mass.G.L. c. 118 § 2 provides that "no person shall be denied aid under this chapter because of the lack of a legal settlement in the commonwealth or in the town from which such aid is requested." Legal settlement under Massachusetts law involves, in general, residence within a particular community for five consecutive years. Mass.G.L. c. 116 § 1.

12. The court assumes, without deciding, that these various legislative purposes are proper. It should be noted that recent federal decisions striking down the one year residence requirement have left open the question whether states may properly discriminate between domiciliaries and nondomiciliaries in making welfare payments. See Harrell v. Tobriner, supra, note 7, 279 F.Supp. at 30; Green v. Department of Public Welfare of State of Del., D.Del., 1967, 270 F.Supp. 173, 177–178.

that is narrowly drafted to achieve the proper purpose for which it was enacted. Aptheker v. Secretary of State, 1964, 378 U.S. 500, 514, 84 S.Ct. 1659, 12 L.Ed.2d 992; see also Harrell v. Tobriner, supra, note 7, and Green v. Department of Public Welfare of State of Del., supra, note 12.

Finally, counsel posed the possibility at the hearing that the one-year residence requirement protects the Commonwealth against fraud by allowing it time to investigate each applicant. But no testimony was elicited that those who receive general relief in one year are investigated prior to their receipt of AFDC benefits in the following year. Witness O'Malley, an attorney for the Boston Welfare Department, testified that an investigation period of up to thirty days commences on the date of an application for AFDC assistance; after thirty days, action is required on the application.

In short, none of the purposes suggested by defense counsel as justifying the one-year residence requirement of the Massachusetts AFDC statute provides a reasonable basis for the classification. The court concludes that the one-year residence requirement of Mass. G.L. c. 118 § 2 is unconstitutional because it denies the plaintiffs the equal protection of the laws guaranteed by the Fourteenth Amendment of the Constitution of the United States.

## DECLARATORY JUDGMENT AND PERMANENT INJUNCTION

This action came on for trial before the court, Aldrich, Chief Circuit Judge, and Julian and Garrity, District Judges, presiding, and the issues having been duly tried and a decision having been duly rendered and a memorandum of decision having been filed,

It is Declared that the following quoted provision of Chapter 118, section 2, of the General Laws of the Commonwealth of Massachusetts,

"but no aid shall be granted under this chapter for or on account of any child unless (1) such child has resided in the commonwealth one year immediately preceding the application for such aid, or (2) such child was born within one year immediately preceding such application, if its parent has resided in the commonwealth for one year immediately preceding the application or birth."

denies to the plaintiffs and others similarly situated within the jurisdiction of the Commonwealth of Massachusetts the equal protection of the laws and violates Amendment XIV of the Constitution of the United States and is invalid.

It is Ordered and Adjudged that the defendants Ott, D'Agostino, Hiscock and Casey, their officers, agents, servants, employees and attorneys and all persons in active concert or participation with them are permanently restrained from enforcing and executing the following quoted provision of Chapter 118, section 2, of the General Laws of the Commonwealth of Massachusetts,

"but no aid shall be granted under this chapter for or on account of any child unless (1) such child has resided in the commonwealth one year immediately preceding the application for such aid, or (2) such child was born within one year immediately preceding such application, if its parent has resided in the commonwealth for one year immediately preceding the application or birth."

and from refusing to grant public assistance to the plaintiffs and others similarly situated under the Aid to Families with Dependent Children program because of the quoted provision of Chapter 118, section 2, of the General Laws of the Commonwealth of Massachusetts. Costs of action shall not be taxed against the defendants.